IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENZEL JOHNSON SR., | ) |
| Petitioner, | ) Civil Action No. 23-881 |
| v. | ) Magistrate Judge Maureen P. Kelly |
| SUPERINTENDENT OF SCI HUNTINGDON, *and* DISTRICT ATTORNEY OF ALLEGHENY COUNTY, | ) Re: ECF No. 38 |
| Respondents. | ) |

## ORDER OF COURT

Petitioner Denzel Johnson, Sr. ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon") in Huntingdon, Pennsylvania. Petitioner has submitted untitled correspondence (the "Petition"), which was received by this Court on May 26, 2023. ECF No. 1. This Court construed that filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner's operative Amended Petition was received on January 24, 2024. ECF No. 26. Respondents moved to dismiss the Amended Petition on February 15, 2024. ECF No. 28. Petitioner's opposition to the Motion to Dismiss is due on or before April 10, 2024. ECF No. 37. Full consent to proceed before a United States Magistrate Judge was obtained on August 28, 2023. ECF Nos. 8 and 12.

Currently before this Court is Petitioner's untitled correspondence dated March 8, 2024, which this Court interprets as a compound motion. ECF No. 38. The first form of relief sought therein is for this Court to strike Respondents' arguments in their Motion to Dismiss that the

1

Amended Petition is untimely. Id. at 1. But the law is clear that a petition for federal habeas relief under 28 U.S.C. § 2254 must be brought within one year of the petitioner's underlying state court conviction becoming final, subject to certain tolling provisions. 28 U.S.C. § 2244(d). Indeed, Respondents were ordered to address this issue in the Service Order dated July 13, 2023. ECF No. 5 at 2. Accordingly, this form of relief is denied. Petitioner may respond to Respondents' Motion to Dismiss with any argument available to him - such as equitable tolling, statutory tolling, that dismissing the Amended Petition would result in a miscarriage of justice, or that the Amended Petition is not untimely - in his forthcoming opposition to the pending Motion to Dismiss.

Next, it appears that Petitioner also seeks an order compelling Respondents to serve their pleadings on him directly at SCI-Huntingdon's address for legal mail, rather than sending it through a Florida-based contractor used by the Department of Corrections ("DOC") for non-privileged mail. Id. at 1.

Under the DOC's prior policy, mail from Respondents sent directly to Petitioner under the circumstances of this case would not have qualified as "privileged mail," and would not have been delivered to Petitioner by prison officials. See McLaughlin v. Zavada, No. 19-422, 2019 WL 5697347, at *1-3 (W.D. Pa. Nov. 4, 2019) (discussing prior DC-ADM 803). Instead, in order to be delivered, mail from Respondents would have to have been sent through the third-party contractor in Florida, which would have sent it on to the DOC for eventual delivery to Petitioner.

However, the current DOC policy was amended on August 10, 2020, to include certain "[m]ail from an elected or appointed federal, state, or local official who has sought and obtained a control number issued by the Department's Office of Chief Counsel" in the definition of "Incoming Privileged Correspondence." See DC-ADM 803.1.A.4, 803.1.D.a, and "Glossary of Terms."

(available at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf (last visited March 18, 2024)). Accordingly, it appears at least arguable that mail from Respondents would be delivered to Petitioner if it were stamped with a DOC-issued a control number and mailed to SCI-Huntingdon's address for legal mail. The record does not indicate that Respondents have DOC-issued control numbers.

That said, Petitioner does not indicate, nor does the docket suggest, that Petitioner has not received service of any pleading or motion filed by Respondents and served via the Florida-based contractor. There also is no indication that Respondents' use of the Florida-based contractor has otherwise interfered with Petitioner's ability to timely prosecute this case. To the contrary, the public docket indicates that Petitioner is current on all deadlines. Furthermore, to the extent that Petitioner needs an extension of time due to any mail delay, this Court routinely grants such requests.

Accordingly, this Court will decline to issue an order compelling Respondents to serve their filings on Petitioner through the prison's legal mail address. However, if Respondents' use of the Florida contractor in the future causes unreasonable delay in the receipt of pleadings or motions, or otherwise results in unfair prejudice to Petitioner, Petitioner may move for further relief from this Court.

Accordingly, the following Order is entered:

AND NOW, this 19th day of March, 2024, IT IS HEREBY ORDERED that Petitioner's untitled correspondence, ECF No. 38, is construed as a compound motion to strike and motion for service at legal mail address. The motion to strike portion is DENIED. The motion for service at legal mail address portion is DENIED WITHOUT PREJUDICE to seeking further relief if necessary.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: DENZEL JOHNSON, SR.
MS-7487
SCI HUNTINGDON
1100 Pike Street
Huntingdon, PA 16652

All counsel of record (*via* CM/ECF)